FISHER *v.* CITY OF ROSEVILLE.

1. MUNICIPAL CORPORATIONS—NEW CITY—JUSTICE OF THE PEACE.
    Contention of plaintiff that office of justice of the peace for
    newly constituted city was not temporary *held*, unsupportable,
    where charter was to go into effect on January 1, 1959, and
    election of municipal judge and associate municipal judge, as
    replacement of court of justice of the peace, was scheduled for
    April 6, 1959, especially where plaintiff himself circulated
    petitions for the preceding primary (City of Roseville Charter,
    Sched § 8[4]).

2. SAME—UNIFORM MUNICIPAL COURT ACT—POPULATION.
    New city, formed from all of territory of village of same name
    and with a population much in excess of 15,000 at time of 1950
    census and additional area, did not contravene either the
    Constitution or the general law by adopting the uniform
    municipal court act, applicable to cities of over 15,000, accord-
    ing to the last Federal decennial census, prior to taking of
    the 1960 decennial census (CLS 1956, § 730.501, as amended
    by PA 1959, No 209; City of Roseville Charter).

3. SAME—JUDGES—ELECTIONS.
    Trial court's determination that election of municipal judge and
    associate municipal judge on separate ballots pursuant to pro-
    visions of charter of newly-formed city had been held according
    to law and charter and denying relief sought by incumbent of
    temporary office of justice of the peace and denying costs
    *held*, proper under record presented (CLS 1956, § 730.501, as
    amended by PA 1959, No 209; City of Roseville Charter).

4. COSTS—PUBLIC QUESTION—DECLARATORY JUDGMENT—INJUNCTION.
    No costs are allowed on appeal from denial of declaratory in-
    junctive relief to incumbent of temporary office of justice of

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur, Justice of the Peace § 11.
[2] 14 Am Jur, Courts §§ 10–23.
[3] 30A Am Jur, Judges § 13.
[4] 14 Am Jur, Costs § 91.

the peace of newly-formed city against city, a public question being involved.

Appeal from Macomb; Miller (Allan C.), J., presiding. Submitted October 9, 1963. (Calendar No. 17, Docket No. 49,582.) Decided November 4, 1963. Rehearing denied December 4, 1963.

Bill by William L. Fisher against City of Roseville, its board of election commissioners, and the members thereof, for declaration of rights and injunctive relief in connection with his occupancy of the office of justice of the peace in newly-formed city which established a municipal court. Bill dismissed. Motion for rehearing and for proceedings to continue as mandamus denied. Plaintiff appeals. Affirmed.

*William L. Fisher, in propria persona.*

*William B. Ward,* for defendants.

KELLY, J. December 16, 1958, the qualified voters of the village of Roseville and the township of Erin voted to consolidate the village and township into the city of Roseville. At the same election they adopted a charter to become effective on January 1, 1959, and elected the officers that would serve the newly created city, including 2 justices of the peace, William L. Fisher (plaintiff) and Mary McDevitt.

The charter provided for the creation of a municipal court to replace the justice of the peace court, said court to be conducted by a municipal judge and an associate municipal judge.

Prior to the effective date of the charter (January 1, 1959), the village of Roseville, anticipating the general city election to be held the following April 6, 1959, set in motion the machinery for a February 16, 1959, primary election for the office of

municipal judge and associate municipal judge, and set December 29, 1958, as the deadline date for filing nominating petitions.

Petitions were circulated and filed with the defendant board and the board certified the nominating petitions of William L. Fisher (plaintiff), Mary E. McDevitt, and Raymond R. Cashen.

Raymond R. Cashen altered his nominating petitions on the filing date (December 29, 1958) by writing in the word "associate" before the typewritten words "municipal judge." Plaintiff's objection to the Cashen petitions resulted in the withdrawal of said nominating petitions.

Pursuant to a request, the city attorney advised the board that the offices of municipal judge and associate municipal judge should appear separately on the ballot for separate balloting.

January 12, 1959, defendant board ordered ballots printed carying the names of William L. Fisher (plaintiff) and Mary E. McDevitt under the office of municipal judge and no candidate's name under the office of associate municipal judge, with the instruction on the ballot to "vote for not more than one" for each office.

January 22, 1959, plaintiff filed a bill in chancery in the Macomb circuit court claiming that the election to be held on February 16th would be a nullity and praying for a declaration of rights and an injunction.

After a hearing, including arguments, Judge Alton H. Noe denied defendants' motion to dismiss, also denied plaintiff's petition for injunctive relief, and allowed defendants 20 days to file an answer.

The primary election was held on February 16, 1959, and the clerk of the city of Roseville certified that Mary E. McDevitt received 1,149 votes, plaintiff 494 votes, and Raymond R. Cashen 2 votes for municipal judge, and that for associate municipal

judge Raymond R. Cashen received 495 votes, plaintiff 165 votes, and 13 other candidates (naming them and giving exact figures) received less than 15 votes each.

The general election was held on April 6, 1959. Mary E. McDevitt was elected municipal judge and Raymond R. Cashen as associate municipal judge.

April 16, 1959, plaintiff filed his amended bill of complaint praying that the court enter an order and issue an injunction restraining defendant from interfering with plaintiff's holding of court in the city of Roseville as justice of the peace.

Defendants filed answer to the amended bill of complaint on May 18, 1959, and on July 3, 1961, Judge Allan C. Miller, after taking testimony and hearing arguments, filed a written opinion finding that the April 6, 1959, election of municipal and associate municipal judges "was proper according to law and the charter of the city of Roseville," and ordered that a decree be entered "denying all relief to the plaintiff and dismissing the bill on the merits."

Plaintiff filed petition for rehearing, and on July 28th filed a supplemental petition for rehearing and motion to transfer to the law side of the court and to proceed in the nature of quo warranto and to add municipal judge Mary E. McDevitt and associate municipal judge Raymond R. Cashen as parties to the litigation.

In an opinion denying the petition for rehearing, the court stated "the successful candidates (McDevitt and Cashen) should have been joined in the litigation since they were known at the time of the filing of the amended bill of complaint." Also, that "plaintiff did not take advantage of the opportunity he then had, nor did he do so when he was so challenged at the trial of the cause."

Appellant in his brief under the heading: "Did the trial court err in holding that there was anything

temporary in connection with plaintiff's office," states:

"The notion that plaintiff's office had a temporary existence was made the root of the opinion on the trial of the cause. It was reiterated in the opinion on plaintiff's petition for rehearing. It arose from the visiting trial judge reading it into section 8(b)[1] of the schedule for the charter where to him it was 'clearly spelled out' but which is not there. * * *

"The origin in this case of the notion that there is anything temporary in connection with plaintiff's office is absurd.

"Since the trial court's opinion is founded upon and the case disposed of by such notion it cannot be countenanced in a court of justice, and must, therefore, be held for naught."

The charter clearly expresses the fact that the justices of the peace elected when the charter was adopted would hold office from the charter's effective date, January 1, 1959, until the following April 6, 1959, when the municipal court would come into existence and the municipal judge and the associate municipal judge would be elected.

Plaintiff's action in circulating his nominating petitions for municipal judge almost immediately after taking office as justice of the peace clearly shows that he correctly interpreted the charter and

---

[1] "The mayor, the clerk, and the treasurer who are elected and assume office under the provisions of this chapter, shall hold such offices until the Monday following the regular city election held in the year 1961. Of the members of the council elected, the 3 who receive the largest number of votes cast for such office shall hold office for terms ending on the Monday following the regular city election held in 1963, and the 3 who receive the lesser number of votes cast for that office shall hold office until the Monday following the regular city election held in 1961. The justices of the peace shall hold office until the election, qualification, and assumption of office of their successors following the special city election for the purpose of putting the justices of the peace and municipal judges on the schedule established by section 4.1 of this charter, held on April 6, 1959. Thereafter, the successors of all such officers shall be elected at the regular city elections provided by this charter, and shall hold office for the terms established thereby." Roseville Charter, Schedule § 8(b).

discloses that he understood he would hold office as justice of the peace for only a 3-month period.

Plaintiff in this appeal asks this Court to find that, irrespective of the clear mandate of the charter, we hold that no municipal judge could be elected until 1960 "when the Federal decennial census took place" because of the 15,000 population requirement of the uniform municipal court act.[2]

In refusing to agree with plaintiff's contention, we quote with approval the following from the opinion of the court:

"The next question raised was whether or not the city of Roseville had a right to adopt the uniform municipal court act. It is urged that the 15,000 population requirement was not satisfied. It is stipulated that the village of Roseville had a population of many times in excess of the 15,000 requirement at the time of the Federal decennial census of 1950. Furthermore, the new city includes not only the village, but additional area. It is argued, however, that it was necessary to have a Federal decennial census of the city, whereas the Federal decennial census referred to above was of the village, and following this argument no Federal decennial census was held in the city until 1960. Merely stating this argument is sufficient to repudiate it. It has no substance. The intent of the legislature was to have an area of sufficient size to justify salaried judicial officers. Clearly this existed. Since the village had upwards of 50,000 people, progress should not be held back by such perversions of the statutory language."

We do not agree with appellant's claim that the charter "contravenes the Constitution" and "contravenes the general law respecting plaintiff's term of office."

---

[2] See CLS 1956, § 730.501, as amended by PA 1959, No 209 (Stat Ann 1962 Rev § 27.3937[1]).—REPORTER.

We agree with the trial court's opinion "that the election held April 6, 1959, wherein separate ballots were cast for the office of municipal judge and associate municipal judge, to take office on the Monday following, was proper according to law and the charter of the city of Roseville," and affirm the decree that "any and all forms of relief sought and requested by the plaintiff be, and the same hereby are, denied and the amended bill of complaint is dismissed on the merits but without costs to either party, this cause having involved public questions."

Affirmed. No costs, a public question being involved.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.