FISHER *v.* CITY OF ROSEVILLE.

1. JUDGMENT—PRIOR DECISION—JUSTICES OF THE PEACE—MUNICIPAL CORPORATIONS.

Denial of relief to former justice of the peace who sought to enjoin defendant newly-formed city and its board of election inspectors from conducting primary and regular partisan general elections for offices of municipal judge and associate municipal judge in 1963 *held,* proper in view of recent decision of Supreme Court holding 1959 elections involving same offices valid, the prior decision being controlling.

2. COSTS—MUNICIPAL CORPORATIONS—JUDGES.

No costs are allowed in suit to enjoin the holding of elections for municipal judgeships in newly-formed city.

Appeal from Macomb; Spier (James E.), J. Submitted October 10, 1963. (Calendar No. 25, Docket No. 50,193.) Decided December 2, 1963.

Bill by William L. Fisher against City of Roseville, its board of election commissions, the members thereof, and others, to enjoin holding elections for

REFERENCES FOR POINTS IN HEADNOTES
[1] 18 Am Jur, Elections §§ 117, 326.
[2] 28 Am Jur, Injunctions § 299.

municipal court offices.   Bill dismissed.   Plaintiff appeals.   Affirmed.

*William L. Fisher, in propria persona.*

*William B. Ward,* for defendants.

KELLY, J.   Plaintiff, in a prior appeal (*Fisher* v. *City of Roseville,* 371 Mich 489), sought to have this Court declare null and void the primary election for the offices of municipal judge and associate municipal judge held in the city of Roseville, on February 16, 1959, and also declare null and void the general election for said offices held on April 6, 1959.   Plaintiff contended that the aforesaid elections could not be legally held under the charter adopted by the village of Roseville and the township of Erin on December 16, 1958.   Plaintiff further contended that if such elections were proper under the provisions of said charter, then said charter contravened the Constitution and general law respecting plaintiff's term of office as a justice of the peace.

This Court determined that the election held on April 6, 1959, was proper according to law and the charter of the city of Roseville and approved the lower court's decision denying any and all forms of relief to plaintiff.

Subsequently, and while his first appeal was pending in the Supreme Court, plaintiff filed a second bill of complaint in the circuit court of Macomb county by which he sought to have an injunction issued to restrain defendants (city of Roseville and board of city election commissioners) from conducting in the city of Roseville a partisan primary election in February, 1963, and a partisan general election in April, 1963, for the offices of municipal judge and associate municipal judge.   Plaintiff contended it

would be illegal to hold such elections and that, therefore, they should not be held until plaintiff's then pending appeal was decided on the merits by the Supreme Court.

Defendants filed motion to dismiss the bill of complaint and on December 10, 1962, the circuit court entered an order dismissing plaintiff's bill of complaint on the ground that the issues raised by plaintiff in his second lawsuit were also raised in his first lawsuit and that the determination of such issues in that litigation would also dispose of the objections raised by plaintiff in his second lawsuit.

From this order plaintiff appeals and seeks to have the regular partisan primary and regular partisan general elections for the respective offices of municipal judge and associate municipal judge held in the city of Roseville in February and April, 1963, respectively, declared null and void, because:

"(1) they are not authorized by the charter in that it makes no provision for re-electing, as distinct from first electing, an associate municipal judge; (2) the charter requires curative legislation from the people of defendant city to render it operative as respects the judicial offices thereof which cannot be supplied by judicial construction; (3) even if thought to be authorized by said charter they are not authorized by the Constitution and the general laws of the State from which such judicial offices derive their whole vigor and vitality."

In light of our opinion rendered in 371 Mich 489, plaintiff cannot be granted any relief in this action. Our prior decision is controlling.

Affirmed. No costs.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.